UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TITUS DEPEAL,

       Plaintiff,

v

WOLVERINE HUMAN SERVICES;
WOLVERINE HUMAN SERVICES,
INC;
SAGINAW INTERMEDIATE
SCHOOL DISTRICT;
SAGINAW INTERMEDIATE
SCHOOL DISTRICT BOARD OF
EDUCATION; and
JOHN/JANE DOES 1-10, in their
official, professional, personal, and
individual capacities, jointly and
severally,

       Defendants.

CASE NO.: 1:25-cv-11276-TLL-PTM
HON. District Judge Thomas L.
Ludington
Magistrate Judge: Patricia T. Morris

**DEFENDANTS WOLVERINE
HUMAN SERVICES, AND
WOLVERINE HUMAN
SERVICES, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT AND
AFFIRMATIVE DEFENSES**

10480698.1

ELIZABETH K. ABDNOUR (P78203)
Abdnour Weiker, LLP
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
Phone: (517) 994-1776
Email: liz@education-rights.com
*Attorney for Plaintiff*

DAVID WESLEY CORNISH, *
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Email: dwesley24@gmail.com
*Admission application to be filed
*Attorney for Plaintiff*

MARK J. ZAUSMER (P31721)
CAMERON R. GETTO (P57300)
Zausmer, P.C.
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
Email: mzausmer@zausmer.com
Email: cgetto@zausmer.com
*Attorneys for Defendants Wolverine*

GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
O'Neill, Wallace and Doyle
300 St. Andrews Road, Suite 302
Saginaw, MI 48638-5977
989-790-0960
Fax: 989-790-6902
Email: gmair@owdpc.com
Email: kpiper@owdpc.com
*Attorneys for Defendants Saginaw*

_____

**DEFENDANTS WOLVERINE HUMAN SERVICES, AND WOLVERINE HUMAN SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COME the Defendants, WOLVERINE HUMAN SERVICES, and WOLVERINE HUMAN SERVICES, INC., (hereinafter "Defendants Wolverine"), by and through their attorneys, ZAUSMER, P.C., and for its Answer to Plaintiff's Complaint state the following:

**<u>INTRODUCTION</u>**

2

1. In answer to Paragraph 1, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

2. In answer to Paragraph 2, Defendants Wolverine deny the allegations in the manner and form as untrue. Wolverine Human Services operates and has operated multiple programs on multiple campuses in multiple locations for decades. It is not possible for Wolverine Human Services to know which program(s) Plaintiff refers to in this allegations.

3. In answer to Paragraph 3, Defendants Wolverine deny the allegations as untrue. Behavioral treatment programs, therapy and foster care services do not meet any of the tests for state action currently applied in the 6th Circuit.

4. In answer to Paragraph 4, Defendants Wolverine admit that Wolverine Human Services operated a behavioral treatment facility for minors who were placed there for a variety of reasons.

5. In answer to Paragraph 5, Defendants Wolverine admit the allegations as a partial summary of the services provided to minors by Wolverine Human Services.

6. In answer to Paragraph 6, Defendants Wolverine deny the allegations contained therein in the manner and form as untrue.

7.     In answer to Paragraph 7, Defendants Wolverine deny the allegations contained therein as untrue.

8.     In answer to Paragraph 8, Defendants Wolverine deny the allegations contained therein in the manner and form as untrue.  Behavioral treatment programs, therapy and foster care services do not meet any of the tests for state action currently applied in the 6th Circuit.

9.     In answer to Paragraph 9, Defendants Wolverine deny the allegations contained therein in the manner and form as untrue.  Behavioral treatment programs, therapy and foster care services do not meet any of the tests for state action currently applied in the 6th Circuit.

10.     In answer to Paragraph 10, Defendants Wolverine deny the allegations contained therein in the manner and form as untrue.

11.     In answer to Paragraph 11, Defendants Wolverine deny the allegations contained therein as untrue.

12.     In answer to Paragraph 12, Defendants Wolverine deny the allegations contained therein as untrue.

13.     In answer to Paragraph 13, Defendants Wolverine deny the allegations contained therein as untrue.

14.     In answer to Paragraph 14, Defendants Wolverine deny the allegations contained therein as untrue.

15.     In answer to Paragraph 15, Defendants Wolverine deny the allegations contained therein as untrue.

16.     In answer to Paragraph 16, Defendants Wolverine deny the allegations contained therein as untrue.

17.     In answer to Paragraph 17, Defendants Wolverine deny the allegations contained therein as untrue.

## JURISDICTION AND VENUE

18.     In answer to Paragraph 18, Defendants Wolverine deny the allegations contained therein as untrue. Wolverine Human Services is not and was not a state actor and cannot be sued in federal court.

19.     In answer to Paragraph 19, Defendants Wolverine deny the allegations contained therein as untrue.

20.     In answer to Paragraph 20, Defendants Wolverine deny the allegations contained therein as untrue.

21.     In answer to Paragraph 21, Defendants Wolverine deny the allegations contained therein as untrue.

22.     In answer to Paragraph 22, Defendants Wolverine deny the allegations contained therein as untrue.

23.     In answer to Paragraph 23, Defendants Wolverine deny the allegations contained therein as untrue.

## PARTIES

24.     In answer to Paragraph 24, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

25.     In answer to Paragraph 25, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

26.     In answer to Paragraph 26, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

27.     In answer to Paragraph 27, Defendants Wolverine state that the allegations are neither admitted nor denied because they do not pertain to the party answering, and the party answering does not have sufficient information to form a belief about the truth of the allegations.

28.     In answer to Paragraph 28, Defendants Wolverine state that the allegations are neither admitted nor denied because they do not pertain to the party answering, and the party answering does not have sufficient information to form a belief about the truth of the allegations.

29.     In answer to Paragraph 29, Defendants Wolverine state that the allegations are neither admitted nor denied because they do not pertain to the

party answering, and the party answering does not have sufficient information to form a belief about the truth of the allegations.

30.     The allegation in Paragraph 30 does not require a response.

31.     In answer to Paragraph 31, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

## COMMON FACTS AND ALLEGATIONS

32.     In answer to Paragraph 32, Defendants Wolverine admits the allegations contained therein.

33.     In answer to Paragraph 33, Defendants Wolverine admit the allegations as a partial list of ways that children were referred to Wolverine Human Services.

34.     In answer to Paragraph 34, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

35.     In answer to Paragraph 35, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

36.     In answer to Paragraph 36, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

37.     In answer to Paragraph 37, Defendants Wolverine deny the allegations contained therein as untrue.

38.     In answer to Paragraph 38, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs, including each and every subsection.

39.     In answer to Paragraph 39, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

40.     In answer to Paragraph 40, Defendants Wolverine deny the allegations contained therein as untrue.

41.     In answer to Paragraph 41, Defendants Wolverine deny the allegations contained therein as untrue.

42.     In answer to Paragraph 42, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

43.     In answer to Paragraph 43, Defendants Wolverine denies the allegations contained therein as untrue.  In fact, most of Wolverine Human Services' campuses and programs are non-secure.

44.    In answer to Paragraph 44, Defendants Wolverine admits the allegations contained therein as a partial list of what Wolverine Human Services did and does for children and families.

45.    In answer to Paragraph 45, Defendants Wolverine deny the allegations contained therein as untrue.

46.    In answer to Paragraph 46, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

47.    In answer to Paragraph 47, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

48.    In answer to Paragraph 48, Defendants Wolverine deny the allegations contained therein as untrue.

49.    In answer to Paragraph 49, Defendants Wolverine deny the allegations contained therein as untrue.

50.    In answer to Paragraph 50, Defendants Wolverine deny the allegations contained therein as untrue.

51.    In answer to Paragraph 51, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

52.     In answer to Paragraph 52, Defendants Wolverine deny the allegations contained therein as untrue.

53.     In answer to Paragraph 53, Defendants Wolverine admit the allegations as a partial description of where Wolverine received some of its funding.

54.     In answer to Paragraph 54, Defendants Wolverine deny the allegations contained therein as untrue.

## COMMON CAUSES OF ACTIONS
## FEDERAL LAW CLAIMS
## COUNT 1

55.     In answer to Paragraph 55, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

56.     In answer to Paragraph 56, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

57.     In answer to Paragraph 57, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

58.     In answer to Paragraph 58, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

59.     In answer to Paragraph 59, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

60.     In answer to Paragraph 60, Defendants Wolverine deny the allegations contained therein in the manner and form as untrue.

61.     In answer to Paragraph 61, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

62.     In answer to Paragraph 62, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

63.     In answer to Paragraph 63, Defendants Wolverine deny the allegations contained therein as untrue.

64.     In answer to Paragraph 64, Defendants Wolverine deny the allegations contained therein as untrue.

65.     In answer to Paragraph 65, Defendants Wolverine deny the allegations contained therein as untrue.

66.     In answer to Paragraph 66, Defendants Wolverine deny the allegations contained therein as untrue.

67.     In answer to Paragraph 67, Defendants Wolverine deny the allegations contained therein as untrue.

68.     In answer to Paragraph 68, Defendants Wolverine deny the allegations contained therein as untrue.

69.     In answer to Paragraph 69, Defendants Wolverine deny the allegations contained therein as untrue, including each and every subsection.

70.    In answer to Paragraph 70, Defendants Wolverine deny the allegations contained therein as untrue.

71.    In answer to Paragraph 71, Defendants Wolverine deny the allegations contained therein as untrue.

72.    In answer to Paragraph 72, Defendants Wolverine deny the allegations contained therein as untrue.

73.    In answer to Paragraph 73, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## **COUNT 2**

74.    In answer to Paragraph 74, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

75.    In answer to Paragraph 75, Defendants Wolverine deny the allegations contained therein.

76.    In answer to Paragraph 76, Defendants Wolverine deny the allegations contained therein.

77.    In answer to Paragraph 77, Defendants Wolverine deny the allegations contained therein.

78.     In answer to Paragraph 78, Defendants Wolverine deny the allegations contained therein.

79.     In answer to Paragraph 79, Defendants Wolverine deny the allegations contained therein.

80.     In answer to Paragraph 80, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## COUNT 3

81.     In answer to Paragraph 81, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

82.     In answer to Paragraph 82, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

83.     In answer to Paragraph 83, Defendants Wolverine are not in possession of sufficient information to either admit or deny the allegations and therefore leaves Plaintiff to his proofs.

84.     In answer to Paragraph 84, Defendants Wolverine deny the allegations contained therein as untrue.

85.    In answer to Paragraph 85, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

86.    In answer to Paragraph 86, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

87.    In answer to Paragraph 87, Defendants Wolverine deny the allegations contained therein as untrue.

88.    In answer to Paragraph 88, Defendants Wolverine deny the allegations contained therein as untrue.

89.    In answer to Paragraph 89, Defendants Wolverine deny the allegations contained therein as untrue.

90.    In answer to Paragraph 90, Defendants Wolverine deny the allegations contained therein as untrue.

91.    In answer to Paragraph 91, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## **COUNT 4**

92.    In answer to Paragraph 92, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

93.    In answer to Paragraph 93, Defendants Wolverine deny the allegations contained therein as untrue.

94.    In answer to Paragraph 94, Defendants Wolverine deny the allegations contained therein as untrue.

95.    In answer to Paragraph 95, Defendants Wolverine deny the allegations contained therein as untrue.

96.    In answer to Paragraph 96, Defendants Wolverine deny the allegations contained therein as untrue.

97.    In answer to Paragraph 97, Defendants Wolverine deny the allegations contained therein as untrue.

98.    In answer to Paragraph 98, Defendants Wolverine deny the allegations contained therein as untrue.

99.    In answer to Paragraph 99, Defendants Wolverine deny the allegations contained therein as untrue.

100.   In answer to Paragraph 100, Defendants Wolverine deny the allegations contained therein as untrue.

101.   In answer to Paragraph 100, Defendants Wolverine deny the allegations contained therein as untrue.

102.    In answer to Paragraph 102, Defendants Wolverine deny the allegations contained therein as untrue.  By way of further response, Wolverine Human Services did not employ or utilize police officers.

103.    In answer to Paragraph 103, Defendants Wolverine deny the allegations contained therein as untrue.  By way of further response, Wolverine Human Services did not employ or utilize police officers.

104.    In answer to Paragraph 104, Defendants Wolverine deny the allegations contained therein as untrue, including each and every subsection.

105.    In answer to Paragraph 105, Defendants Wolverine deny the allegations contained therein as untrue.

106.    In answer to Paragraph 106, Defendants Wolverine deny the allegations contained therein as untrue.

107.    In answer to Paragraph 107, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## MICHIGAN STATE LAW CLAIMS
## COUNT 5

108.    In answer to Paragraph 108, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

109.    In answer to Paragraph 109, Defendants Wolverine admit that certain duties were owed but deny that any were breached.

110.    In answer to Paragraph 110, Defendants Wolverine deny the allegations contained therein as untrue.

111.    In answer to Paragraph 111, Defendants Wolverine deny the allegations contained therein as untrue.

112.    In answer to Paragraph 112, Defendants Wolverine deny the allegations contained therein as untrue.

113.    In answer to Paragraph 113, Defendants Wolverine deny the allegations contained therein as untrue.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## **COUNT 6**

114.    In answer to Paragraph 114, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

115.    In answer to Paragraph 115, Defendants Wolverine deny the allegations contained therein as untrue.

116.    In answer to Paragraph 116, Defendants Wolverine deny the allegations contained therein as untrue.

117.   In answer to Paragraph 117, Defendants Wolverine deny the allegations contained therein as untrue.

118.   In answer to Paragraph 118, Defendants Wolverine deny the allegations contained therein as untrue.

119.   In answer to Paragraph 119, Defendants Wolverine deny the allegations contained therein as untrue.

120.   In answer to Paragraph 120, Defendants Wolverine deny the allegations contained therein as untrue.

121.   In answer to Paragraph 121, Defendants Wolverine deny the allegations contained therein as untrue.

122.   In answer to Paragraph 122, Defendants Wolverine deny the allegations contained therein as untrue.

123.   In answer to Paragraph 123, Defendants Wolverine deny the allegations contained therein as untrue.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## **COUNT 7**

124.   In answer to Paragraph 124, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

125.   In answer to Paragraph 125, Defendants Wolverine admit that certain duties were owed, but denies that any were breached.

126.   In answer to Paragraph 126, Defendants Wolverine deny the allegations contained therein as untrue.

127.   In answer to Paragraph 127, Defendants Wolverine deny the allegations contained therein as untrue, including each and every subsection.

128.   In answer to Paragraph 128, Defendants Wolverine deny the allegations contained therein as untrue.

129.   In answer to Paragraph 129, Defendants Wolverine deny the allegations contained therein as untrue.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## **COUNT 8**

130.   In answer to Paragraph 130, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

131.   In answer to Paragraph 131, Defendants Wolverine admit that certain duties were owed but deny that any were breached.

132.   In answer to Paragraph 132, Defendants Wolverine deny the allegations contained therein as untrue.

133.   In answer to Paragraph 133, Defendants Wolverine deny the allegations contained therein as untrue, including each and every subsection.

134.   In answer to Paragraph 134, Defendants Wolverine admit that certain duties were owed but deny that any were breached.

135.   In answer to Paragraph 135, Defendants Wolverine deny the allegations contained therein as untrue.

136.   In answer to Paragraph 136, Defendants Wolverine deny the allegations contained therein as untrue.

137.   In answer to Paragraph 137, Defendants Wolverine deny the allegations contained therein as untrue.

138.   In answer to Paragraph 138, Defendants Wolverine deny the allegations contained therein as untrue.

139.   In answer to Paragraph 139, Defendants Wolverine deny the allegations contained therein as untrue.

140.   In answer to Paragraph 140, Defendants Wolverine deny the allegations contained therein as untrue.

141.   In answer to Paragraph 141, Defendants Wolverine deny the allegations contained therein as untrue.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## COUNT 9

142.   In answer to Paragraph 142, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

143.   In answer to Paragraph 143, Defendants Wolverine deny the allegations contained therein as untrue.

144.   In answer to Paragraph 144, Defendants Wolverine deny the allegations contained therein as untrue.

145.   In answer to Paragraph 145, Defendants Wolverine deny the allegations contained therein as untrue.

146.   In answer to Paragraph 146, Defendants Wolverine deny the allegations contained therein as untrue.

147.   In answer to Paragraph 147, Defendants Wolverine deny the allegations contained therein as untrue.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## COUNT 10

148.   In answer to Paragraph 148, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

149.   In answer to Paragraph 149, Defendants Wolverine deny the allegations as untrue.   Negligent infliction of emotional distress is, under Michigan Law, a bystander claim, and none of the elements or facts in support of the elements are pleaded in Plaintiff's Complaint.

150.   In answer to Paragraph 150, Defendants Wolverine deny the allegations contained therein as untrue.

151.   In answer to Paragraph 151, Defendants Wolverine deny the allegations contained therein as untrue.

152.   (SIC) WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## COUNT 11

153.   In answer to Paragraph 153, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

154.   In answer to Paragraph 154, Defendants Wolverine deny the allegations contained therein as untrue.

155.   In answer to Paragraph 155, Defendants Wolverine deny the allegations contained therein as untrue.

156.   In answer to Paragraph 156, Defendants Wolverine deny the allegations contained therein as untrue.

157.   In answer to Paragraph 157, Defendants Wolverine deny the allegations contained therein as untrue.

158.   In answer to Paragraph 158, Defendants Wolverine deny the allegations contained therein as untrue.

159.   (SIC) WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## COUNT 12

160.   In answer to Paragraph 160, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

161.   In answer to Paragraph 161, Defendants Wolverine deny the allegations contained therein as untrue. Michigan law does not support the existence of a fiduciary duty in this context.

162.   In answer to Paragraph 162, Defendants Wolverine deny the allegations contained therein as untrue.

163.   In answer to Paragraph 163, Defendants Wolverine deny the allegations contained therein as untrue.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## **COUNT 13**

164.   In answer to Paragraph 164, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

165.   In answer to Paragraph 165, Defendants Wolverine deny the allegations contained therein as untrue.

166.   In answer to Paragraph 166, Defendants Wolverine state that this allegation calls for a legal conclusion, and therefore no response is required.

167.   In answer to Paragraph 167, Defendants Wolverine deny the allegations contained therein as untrue.

168.   In answer to Paragraph 168, Defendants Wolverine deny the allegations contained therein as untrue.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require.

## **RESPONSE TO PRAYER FOR RELIEF**

169.   In answer to Paragraph 169, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

170.   In answer to Paragraph 170, Defendants Wolverine deny the allegations contained therein as untrue, including each and every subsection.

171.   In answer to Paragraph 171, Defendants Wolverine re-allege, restate and incorporate by reference each and every prior response as if set forth more fully herein.

172.   In answer to Paragraph 172, Defendants Wolverine hereby request a trial by jury and relies on Plaintiff's trial by jury demand.

WHEREFORE, Defendants Wolverine request dismissal of Plaintiff's action and any such further relief that justice may require

Respectfully submitted,

ZAUSMER, P.C.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorney for Defendants Wolverine
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
cgetto@zausmer.com

Dated: June 13, 2025

## **AFFIRMATIVE DEFENSES**

NOW COME the Defendants, WOLVERINE HUMAN SERVICES, and WOLVERINE HUMAN SERVICES, INC., (hereinafter "Defendants Wolverine"), by and through their attorneys, ZAUSMER, P.C., and for their Affirmative Defenses to Plaintiff's Complaint, state the following:

1.      Plaintiff has failed to state any statutory or common law duty that has been breached.

2.      This matter may be barred by the expiration of the statute of limitations, the statue of repose, and any applicable savings period or provision, including, but not limited to, the non-retroactivity of change or modification to a statute of limitations, statue of repose, or savings period or provision.

3.      Principles of comparative fault and/or comparative negligence may bar or reduce Plaintiff's claimed damages.

4.      This matter may be barred by release.

5.      This matter may be barred by consent.

6.      This matter may be barred by estoppel.

7.      There is no vicarious liability for one or more claims brought against Defendant.

8.      Defendant did not breach any standards of care or practices.

9.      Defendant is not liable for the damages caused by the criminal conduct of another.

10.     The sole proximate cause, most immediate cause, or at least a contributing cause, of the damages and/or injuries complained of by the Plaintiff was the negligence and/or comparative negligence and/or actions of persons other than Defendant, and any potential recovery should be reduced or barred.

26

11.     Plaintiff's claim may be barred in total, or at least in part, by the intervening acts and omissions of other third parties.

12.     Plaintiff's cause of action may be barred in total, or at least in part, by Plaintiffs' failure to mitigate damages.

13.     Plaintiff's claims may be barred in total, or at least in part, by the Michigan Tort Reform Legislation of 1986 including, but not limited to: prejudgment interest on future damages, MCLA 600.6013; collateral source, MCLA 600.6303; separate damages, MCLA 600.6305; and reduction in gross to present value, MCLA 600.6306.

14.     Plaintiff's claims may be barred in total, or at least in part, by the Michigan Tort Reform Legislation of 1996 including, but not limited to: abolition of joint liability, MCLA 600.2956; allocation of liability, percentage of fault, immunities and non-parties at fault, MCLA 600.2957; comparative fault, reduction of economic damages, disallowance of non-economic damages, MCLA 600.2959.

15.     Defendant hereby claims a set-off for any and all monies received by the Plaintiff from any other parties, non-parties or entities as a result of any of the injuries or damages claimed in Plaintiffs' Complaint.

16.     There is no cause of action in Michigan for gross negligence.

17.     Principles of parental immunity may apply and bar Plaintiff's claims.

18.     The elements of intentional infliction of emotional distress are not present under the facts of the present case.

19.     There is no private right of action in Michigan for a violation of licensing rules, regulations and/or statutes.

20.     Plaintiffs' claims may be barred by res judicata.

21.     Plaintiffs' claims may be barred by collateral estoppel.

22.     There exists no private right of action for one or more of Plaintiffs' other claims, including the federal claims.

23.     Michigan law holds that employers and principals are not vicariously liable for the intentional torts and/or intentional criminal conduct of employees or agents.

24.     No facts in this case give rise to the allegation of deliberate indifference, willful or wanton conduct, gross negligence or the like.

25.     No facts in this case give rise to the allegation that there was an official policy that deprived Plaintiff of any constitutional right or harmed Plaintiff in any way.

26.     These claims may be barred by immunity conferred by statute and/or common law, including, but not limited to, governmental immunity and 691.1631 et seq.

27.     Plaintiff may be pursuing claims involving social workers (and/or vicarious liability for same) licensed under article 15 of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.16101 to 333.18838 of the Michigan Compiled Laws and therefore should have filed this action as a malpractice action, as it involved social worker malpractice.  Plaintiff has failed to file a Notice of Intent to File Claim, and Plaintiff has failed to wait the requisite period of time prior to filing the present action.  Plaintiff has failed to serve an Affidavit of Merit with his Complaint.

28.     Plaintiff is estopped from bringing the claim due to laches.

29.     Plaintiff's claim is barred because Plaintiff has failed to file a notice in the court of claims as required by MCL 600.6431.

30.     Plaintiff's claim may be barred by MCL 600.2955a.

31.     Plaintiff's claim may be barred by the Wrongful Conduct Rule.

32.     Plaintiff has failed to join necessary parties to this action.

33.     Defendant Wolverine aver that it was guided by and strictly observed all of its legal duties and obligations imposed by operation of law and otherwise.

34.     Defendant Wolverine hereby claims a set-off for any and all monies received by the Plaintiff from any other parties or entities as a result of any of the injuries or damages claimed in Plaintiff's Complaint.

35.     There is no cause of action in Michigan for gross negligence.

36.    The elements of intentional infliction of emotional distress are not present under the facts of the present case.

37.    The elements of negligent inflictions of emotional distress are not present for several reasons, and specifically for the reason that this matter does not involve a bystander claim.

38.    Further, Defendant Wolverine hereby reserve the right to raise any and all further special and/or affirmative defenses as same become known through the course of discovery.

Respectfully submitted,

ZAUSMER, P.C.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorney for Defendants Wolverine
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
cgetto@zausmer.com

Dated: June 13, 2025

## <u>RELIANCE ON JURY DEMAND</u>

NOW COME the Defendants, WOLVERINE HUMAN SERVICES, and

WOLVERINE HUMAN SERVICES, INC., (hereinafter "Defendants Wolverine"),

by and through their attorneys, ZAUSMER, P.C., and hereby rely on the previously

filed Jury Demand in the above matter.

Respectfully submitted,

ZAUSMER, P.C.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorney for Defendants Wolverine
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
cgetto@zausmer.com

Dated: June 13, 2025

31

## CERTIFICATE OF SERVICE

CAMERON R. GETTO, deposes and states that on the 13th day of June, 2025, I electronically filed the foregoing Defendants Wolverine Human Services, and Wolverine Human Services, Inc.'s Answer to Plaintiff's Complaint, Affirmative Defenses, Reliance on Jury Demand and this Certificate of Service with the Clerk of the Court using the Case Management/ Electronic Case Filing (CM/ECF) system.

Respectfully submitted,

ZAUSMER, P.C.

/s/ Cameron R. Getto
CAMERON R. GETTO (P57300)
Attorney for Defendants Wolverine
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111 Fax: (248) 851-0100
cgetto@zausmer.com

Dated: June 13, 2025