Case 1:25-cv-11276-TLL-PTM ECF No. 13-2, PageID.163 Filed 07/02/25 Page 1 of 6

Cardello-Smith v. Archdiocese of Detroit, Not Reported in N.W. Rptr. (2024)
2024 WL 3633645

2024 WL 3633645
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

UNPUBLISHED
Court of Appeals of Michigan.

Derrick Lee CARDELLO-SMITH, Plaintiff-Appellant,
v.
ARCHDIOCESE OF DETROIT, Assumption Grotto Church/School, Assumption Grotto Parish, Clifford Sawher, Estate of Father Resma, Estate of Clifford Sawher, Father Resma, St. Jude Parish, St. Jude Rectory, and St. Jude School, Defendants-Appellees,
and
Mr. Chopp, and Estate of Mr. Chopp, Defendants.

No. 368376
|
August 1, 2024

Wayne Circuit Court, LC No. 23-006285-NZ

Before: Gadola, C.J., and Patel and Young, JJ.

**Opinion**

Per Curiam.

*1 In this sexual abuse action involving acts that occurred more than 29 years before plaintiff filed his complaint, plaintiff appeals as of right the trial court's opinion and order granting summary disposition to defendants under MCR 2.116(C)(7) and MCR 2.116(C)(8). We affirm.

I. BACKGROUND

On May 16, 2023, plaintiff filed a complaint in the Wayne Circuit Court contending that between 1979 and 1993 he was sexually abused by defendant Clifford Sawher, a monsignor employed by defendant Assumption Grotto Church/School, defendant Father Resma, a priest at a different educational facility, and defendant Mr. Chopp, an employee of defendant St. Jude School. Plaintiff further advanced that defendants conspired to silence plaintiff regarding the sexual abuse allegations, despite plaintiff reporting the matter to defendant Archdiocese of Detroit, the Wayne County Youth Home, and the Aurora Treatment Facility. Plaintiff contended that defendants' conduct resulted in severe psychological injury to plaintiff, which was "repressed until this year when the Plaintiff had psychological treatment for the injuries committed upon the plaintiff by the defendants in their Individual and Official Capacities."

In lieu of filing an answer to plaintiff's complaint, defendants moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8), on the grounds plaintiff's sexual abuse claims were barred as a matter of law by the applicable statutes of limitation. Defendants maintained that the pertinent statutes of limitation in effect at the time plaintiff's claims accrued had long since lapsed. In response, plaintiff argued that the statutes of limitation should be tolled in light of defendants' fraudulent concealment of the sexual abuse and under the insanity exception iterated in MCL 600.5851 because plaintiff's memories of the sexual abuse were repressed until two years before the initiation of the complaint.

The trial court dispensed with oral argument and issued an opinion and order granting defendants' motion for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8). The court concluded that plaintiff's claims were barred by MCL 600.5805(6) and MCL 600.5851b(1). The court rejected plaintiff's argument that it was less than three years since he discovered the causal relationship between defendants' conduct and his injuries and thus he could bring his claims under MCL 600.5851b(1). The court noted that plaintiff alleged in his complaint that he divulged the sexual abuse to several persons, and a supplemental police report demonstrated that the alleged conduct was reported to the Detroit Police Department in 1987. The court further stated that plaintiff failed to establish that the tolling of the statutes of limitation was warranted on fraudulent concealment grounds under MCL 600.5855. The trial court granted defendants' motion for summary disposition, and it dismissed defendant Chopp and the estate of defendant Chopp with prejudice due to plaintiff's failure to serve those defendants before the expiration of the summons. This appeal ensued.

II. STATUTE OF LIMITATIONS

*2 Plaintiff argues that the trial court erred when it granted defendants' motion for summary disposition because

Case 1:25-cv-11276-TLL-PTM ECF No. 13-2, PageID.164 Filed 07/02/25 Page 2 of 6

Cardello-Smith v. Archdiocese of Detroit, Not Reported in N.W. Rptr. (2024)
2024 WL 3633645

plaintiff's sexual abuse claims were tolled by MCL 600.5851 and MCL 600.5855. We disagree.

"This Court reviews de novo both the applicability of a statute of limitations ... and the trial court's ruling on a motion for summary disposition." *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 21, 896 N.W.2d 39 (2016) (citations omitted). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by a statute of limitations. As this Court has explained:

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate.
>
> [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429, 789 N.W.2d 211 (2010) (citations omitted).]

Matters pertaining to statutory interpretation and the retroactive application of a statute are also reviewed de novo. *Buhl v Oak Park*, 507 Mich. 236, 242, 968 N.W.2d 348 (2021). "MCR 2.116(C)(8) mandates summary disposition if 'the opposing party has failed to state a claim on which relief can be granted.' " *Veritas Auto Machinery, LLC v FCA Int'l Operations, LLC*, 335 Mich App 602, 607, 968 N.W.2d 1 (2021).

The purposes of statutes of limitation are manifold .... Statutes of limitation are designed to encourage the rapid recovery of damages, to penalize plaintiffs who have not been assiduous in pursuing their claims, to afford security against stale demands when the circumstances would be unfavorable to a just examination and decision, to relieve defendants of the prolonged threat of litigation, to prevent plaintiffs from asserting fraudulent claims, and to remedy the general inconvenience resulting from delay in asserting a legal right that is practicable to assert. [*Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 641-642, 692 N.W.2d 398 (2004) (cleaned up).]

"[A] plaintiff's cause of action for tortious injury accrues when all the elements of a cause of action have occurred and can be alleged in a proper complaint." *Id.* at 639-640, 692 N.W.2d 398. The general accrual statute, MCL 600.5827, provides that "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5869 further states, "All actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions or right of entry." Generally, the burden rests on the party asserting a statute of limitations defense to prove that the statute of limitations applies. *Gomez*, 318 Mich App at 21, 896 N.W.2d 39. But when it appears that the cause of action is prima facie barred, the burden of proof is upon the party seeking to enforce the cause of action to establish facts taking the matter out of the operation of the statute of limitations. *Doe*, 264 Mich App at 639, 692 N.W.2d 398.

**\*3** Plaintiff contends the sexual abuse transpired between 1979 and 1993. During that time period, the statute of limitations for claims of battery, assault, and false imprisonment was two years. MCL 600.5805(2), as amended by 1986 PA 178. For all other actions for injuries

Case 1:25-cv-11276-TLL-PTM ECF No. 13-2, PageID.165 Filed 07/02/25 Page 3 of 6

Cardello-Smith v. Archdiocese of Detroit, Not Reported in N.W. Rptr. (2024)
2024 WL 3633645

to persons or property, the period of limitations was three years. MCL 600.5805(8), as amended by 1986 PA 178. The trial court and the parties cite MCL 600.5805(6) to establish the period of limitations for claims seeking to recover damages sustained due to criminal sexual conduct is 10 years, and advance plaintiff was permitted to initiate an action until 2003. MCL 600.5805 was amended by 2018 PA 183, effective June 12, 2018, which is after this cause of action accrued and thus inapplicable to plaintiff's claims. Regardless, it is undisputed that all relevant statutory periods of limitations governing the instant case had expired when plaintiff filed the underlying complaint in 2023. Accordingly, plaintiff's claims were prima facie barred, and the burden rests on plaintiff to demonstrate that the statutes of limitation were tolled, or otherwise inapplicable.

### A. MCL 600.5851

Plaintiff first argues that the statute of limitations was tolled by the insanity disability grace period because his memories regarding the alleged sexual abuse were repressed until recent psychiatric therapy. MCL 600.5851(1) provides:

> ... [I]f the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.

The term "insane" is defined as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." MCL 600.5851(2). Critical to the instant matter is that "[t]o be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize the disability under this section for the purpose of modifying the period of limitations." MCL 600.5851(3). A party may "not tack successive disabilities. A court shall recognize only those disabilities that exist at the time the claim first accrues and that disable the person to whom the claim first accrues for the purpose of modifying the period of limitations." MCL 600.5851(4).

Plaintiff failed to present sufficient evidence to create a factual issue that he suffered from insanity at the time the claim accrued such as to toll the statutes of limitation. See *Lemmerman v Fealk*, 449 Mich. 56, 76-77, 534 N.W.2d 695 (1995) (holding that "neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions allegedly delayed because of repression of memory of the [sexual] assaults underlying the claims"). Plaintiff alleged in his complaint that he suffered from dissociative amnesia, a condition that affected his memory of the sexual abuse *after* it transpired. Plaintiff did not allege that a mental health condition qualified him as "insane" at the time his claims accrued. Moreover, plaintiff asserted in his complaint and in his response to defendants' motion for summary disposition that he previously reported defendants' conduct to three different entities, defendant Archdiocese, the Wayne County Youth Home, and the Aurora Treatment Facility, indicating that he knew the sexual abuse violated his rights. Furthermore, plaintiff provided a supplemental incident report, which was authored by the Detroit Police Department on January 1, 2022, detailing plaintiff's allegations regarding the underlying sexual violence by defendants Sawher, Resma, and Chopp, and noting plaintiff originally reported the abuse on January 23, 1987. Because plaintiff failed to establish that he was insane at the time the sexual abuse claims accrued, he cannot invoke the insanity tolling provision.

### B. MCL 600.5851b

*4 Plaintiff's claims are also not saved by MCL 600.5851b, which was enacted in June 2018 and provides:

> (1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:
>
> (a) The individual reaches the age of 28 years.

Case 1:25-cv-11276-TLL-PTM ECF No. 13-2, PageID.166 Filed 07/02/25 Page 4 of 6

**Cardello-Smith v. Archdiocese of Detroit, Not Reported in N.W. Rptr. (2024)**
2024 WL 3633645

(b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

(2) For purposes of subsection (1), it is not necessary that a criminal prosecution or other proceeding have been brought as a result of the conduct or, if a criminal prosecution or other proceeding was brought, that the prosecution or proceeding resulted in a conviction or adjudication.

(3) Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages sustained because of the criminal sexual conduct within 90 days after the effective date of the amendatory act that added this section if the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b, and the defendant admitted either of the following:

(a) That the defendant was in a position of authority over the victim as the victim's physician and used that authority to coerce the victim to submit.

(b) That the defendant engaged in purported medical treatment or examination of the victim in a manner that is, or for purposes that are, medically recognized as unethical or unacceptable.

(4) This section does not limit an individual's right to bring an action under section 5851.

(5) As used in this section: (a) "Adjudication" means that term as defined in section 5805. (b) "Criminal sexual conduct" means that term as defined in section 5805.

Our Supreme Court recently held that MCL 600.5851b(1)(b) "creates a discovery rule for tolling the accrual date of *future* claims," but "it does not apply retroactively to resuscitate lapsed claims premised on past acts of criminal sexual conduct." *McLain v Roman Catholic Diocese of Lansing*, ––– Mich –––, –––; ––– NW3d ––– (2023) (Docket No. 165741); slip op. at 2 (emphasis added). In *McLain*, the plaintiff alleged that he was sexually abused, as a minor, by a priest employed by the defendants in 1999, and he was subsequently diagnosed with adjustment disorder, anxiety, bipolar disorder, and required " 'medication through his lifetime.' " *Id.* at –––; slip op. at 2-3. The plaintiff advanced that he did not discover the connection between his mental health issues and the priest's sexual abuse until he disclosed the abuse to his therapist in November 2020. *Id.* at –––; slip op. at 2-3. The plaintiff filed a complaint alleging negligence against the defendants in 2021. *Id.* at –––; slip op. at 3. The defendants filed motions for summary disposition under MCR 2.116(C)(7) on the grounds that the plaintiff's claims were time-barred under the applicable statutes of limitation, and while the plaintiff's claims were permissible under the tolling exception iterated in MCL 600.5851b(1)(b), the Legislature did not intend for the statutory provision to apply retroactively. *Id.* at –––; slip op. at 3. The trial court denied the defendants' motions for summary disposition, opining the retroactivity of the statute was irrelevant. *Id.* at –––; slip op. at 3-4. The trial court adopted the plaintiff's argument that MCL 600.5851b(1)(b) "changed the accrual date for an individual who, while a minor, later discovers the causal connection between previous criminal sexual conduct and their injuries" and concluded that the plaintiff's complaint was timely filed. *Id.* at –––; slip op. at 3-4.

**\*5** This Court reversed the trial court's conclusion that the plaintiff timely filed his complaint, holding that MCL 600.5851b(1)(b) did not change the date of accrual, the three-year limitations period had long expired, and MCL 600.5851b did not apply retroactively. *McLain v Roman Catholic Diocese of Lansing*, ––– Mich App –––, –––; ––– NW3d ––– (2023) (Docket Nos. 360163 and 360173); slip op. at 5, 9. Our Supreme Court affirmed on different grounds. First, the *McLain* Court concluded that MCL 600.5851b(1)(b) is a "statutory codification of a discovery rule" that tolls the accrual date for a claim to recover damages sustained by a person who, while a minor, was the victim of criminal sexual conduct. *McLain*, ––– Mich at –––; slip op. at 11-12. Reading the statute in its entirety, our Supreme Court concluded "that the Legislature intended to allow minor victims of criminal sexual conduct to bring a cause of action *either* by the time they turn 28 (an extension of the otherwise applicable statute of limitations) *or* within three years of when they discovered, or through the exercise of reasonable diligence should have discovered, their injuries and the causal

relationship between their injuries and the criminal sexual conduct (discovery rule-based accrual), whichever is later." *Id.* at ––––; slip op. at 13.

But the *McLain* Court agreed with this Court that the plaintiff's claim was untimely, holding "that the discovery rule in MCL 600.5851b(1)(b) does not apply retroactively to revive limitations periods that have already expired." *Id.* at ––––; slip op. at 23-24. The plaintiff alleged that he was sexually assaulted by the individual defendant in 1999. *Id.* at ––––; slip op. at 16. The *McLain* Court determined that the plaintiff's claims accrued in 1999 and were subject to a three-year limitations period under former MCL 600.5805(8) that could be extended until one year after the plaintiff's 18th birthday under MCL 600.5851. *Id.* at ––––; slip op. at 16-17. Because the statute of limitations had expired and MCL 600.5851b(1)(b) does not apply retroactively, the Court concluded that the plaintiff's claim was untimely. *Id.* at ––––, ––––; slip op. at 17, 23-24.

Plaintiff's claims are likewise time-barred under MCL 600.5851b(1)(b). For purposes of MCR 2.116(C)(7) review, we accept as true plaintiff's allegations that he was sexually assaulted by defendants Sawher, Resma, and Chopp between 1979 and 1993. Plaintiff's claims were all subject to a three-year limitations period. For the claims that occurred while plaintiff was a minor, the three-year statute of limitations period could be extended under MCL 600.5851 until 1991, which was one year after the plaintiff's 18th birthday. *Id.* at ––––; slip op. at 16-17. Nonetheless, the statute of limitations has long since passed and thus plaintiff's claims are barred. Although plaintiff claims he did not discover the causal connection between defendants' conduct and his injuries until June 1, 2022, MCL 600.5851b(1)(b) does not apply retroactively to resurrect plaintiff's claims that were already time-barred. See *McLain*, ––– Mich at ––––; slip op. at 2.

### C. MCL 600.5855

Plaintiff further argues that the statutes of limitation should be tolled under MCL 600.5855 because defendants fraudulently concealed the underlying sexual abuse claims. MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Doe*, 264 Mich App at 642, 692 N.W.2d 398 (cleaned up). Furthermore,

> **\*6** the plaintiff must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery. There must be concealment by the defendant of the existence of a claim or the identity of a potential defendant, and the plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment. If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know. [*Doe*, 264 Mich App at 642-643, 692 N.W.2d 398 (cleaned up).]

Case 1:25-cv-11276-TLL-PTM ECF No. 13-2, PageID.168 Filed 07/02/25 Page 6 of 6

Cardello-Smith v. Archdiocese of Detroit, Not Reported in N.W. Rptr. (2024)
2024 WL 3633645

Plaintiff's causes of action were not concealed from him. He knew, or should have known, all the essential elements of potential causes of action against defendants at the time of his injury. In his complaint, plaintiff asserted that he reported the sexual abuse to at least three different persons or entities during the time period the abuse occurred, and the supplemental police report indicated that plaintiff disclosed the alleged harm to the Detroit Police Department on January 23, 1987. Plaintiff cannot maintain that defendants failed to adequately investigate plaintiff's claims after he reported the sexual abuse while simultaneously arguing that he was unable to recognize any known cause of action. Plaintiff additionally failed to plead a single affirmative act or misrepresentation by any defendant in his complaint, rather, plaintiff broadly advanced defendants "encouraged" the sexual abuse and "defendants all conspired to keep these acts quiet and they did a great job of it and they acted as the authority figures while I was in their schools and they did everything they were supposed to do to keep these memories repressed ...."

Viewing the record in the light most favorable to plaintiff, the trial court did not err by granting summary disposition to defendants under MCR 2.116(C)(7) and (8). Plaintiff's sexual abuse claims were time-barred by the applicable statutes of limitation, and plaintiff is unable to demonstrate that he is entitled to any tolling exception iterated in MCL 600.5851, MCL 600.5851b, or MCL 600.5855.

Affirmed.

**All Citations**

Not Reported in N.W. Rptr., 2024 WL 3633645

---

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.