# Exhibit 3

Case 1:25-cv-11276-TLL-PTM   ECF No. 23-3, PageID.267   Filed 09/15/25   Page 2 of 4

Forrester v. Clarenceville School District, Not Reported in Fed. Supp. (2021)

2021 WL 2253271
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

Emmalee FORRESTER, et al., Plaintiffs,
v.
CLARENCEVILLE SCHOOL DISTRICT, et al., Defendants.

Case No. 20-12727
|
Signed 06/03/2021

**Attorneys and Law Firms**

Andrew Kochanowski, Elaina S. Bailey, Robert B. Sickels, Lisa M. Esser, Sommers Schwartz, P.C., Southfield, MI, for Plaintiffs Emmalee Forrester, Justyse Perry, Holly Messerschmitt, Alyssa Craigie.

Andrew Kochanowski, Robert B. Sickels, Lisa M. Esser, Sommers Schwartz, P.C., Southfield, MI, for Plaintiff Megan Haddad.

Gouri G. Sashital, Kathryn E. Jones, Keller Thoma PC, Southfield, MI, for Defendants Clarenceville School District, Paul Shepich, Troy Nelson, Alan Kantor, David Bergeron, Renee Valentine, Troy School District.

Amanda Marie Zdarsky, Craig R. Noland, McGraw Morris PC, Grand Rapids, MI, James D. Reno, Ruggirello, Velardo, Novara & Ver Beek, P.C., Mount Clemens, MI, Michael T. Ryan, Merry, Farnen & Ryan, St. Clair Shores, MI, for Defendant Jason Debandt.

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DEBANDT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

ROBERT H. CLELAND, UNITED STATES DISTRICT JUDGE

*1 Plaintiffs are nine former students at Defendant Clarenceville School District who allege that, between 2008 and 2018, they were abused by a choir and theater teacher, Defendant Jason Debandt. They filed a complaint in October 2020 bringing claims against the school district, school administrators, and Defendant Debandt. (ECF No. 13.) Plaintiffs alleged violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, et seq., the Fourteenth Amendment, 42 U.S.C. § 1983, Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, et seq., the Due Process Clause of the Michigan Constitution, and Michigan's Child Protection Law, Mich. Comp. Laws § 722.621, et seq. (Id.) They also brought claims under gross negligence, negligence, invasion of privacy, and assault and battery. (Id.)

On December 23, 2020, the Defendant school district and school administrators filed a motion to dismiss. (ECF No. 21.) On May 6, 2021, after the matter was thoroughly briefed, the court granted in part the motion to dismiss. (ECF No. 44.)

In the May 6 opinion, the court held that claims under Title IX and § 1983 against the Defendant school district and school administrators were barred by the applicable statute of limitations insofar as the claims arose from abuse alleged to have occurred before October 7, 2017, three years before the complaint was filed. (ECF No. 44, PageID.628-29.) The federal claims against the Defendant school district and school administrators brought by five Plaintiffs—Katelyn Estepp, Victoria Langlois, Taylor Seymour, Madison Bevak, and Shelby Underwood—were completely time-barred. (Id.) The court dismissed those claims. (Id.) However, four Plaintiffs—Emmalee Forrester, Justyse Perry, Holly Messerschmitt, and Alyssa Craigie—brought federal claims against the Defendant school district and school administrators that survived the motion to dismiss. (Id.)

In addition, "[c]onsidering factors such as federal-state comity, judicial expertise, the need to avoid unnecessary resolution of novel and complex issues of state law, and fairness to the parties," the court declined supplemental jurisdiction over Plaintiffs' state claims against the Defendant school district and school administrators. (Id., PageID.627-29.) The court also declined supplemental jurisdiction over Plaintiffs' state claims against Defendant Debandt. (Id.)

Defendant Debandt has filed a motion for partial judgment on the pleadings. (ECF No. 43.) He argues that, even accepting as true all allegations contained in the complaint, the federal and state claims against him are barred, at least in part, by the applicable statute of limitations.[1] (Id., PageID.568-69,

Case 1:25-cv-11276-TLL-PTM   ECF No. 23-3, PageID.268   Filed 09/15/25   Page 3 of 4

Forrester v. Clarenceville School District, Not Reported in Fed. Supp. (2021)

580 (stating that a "Rule 12(c) [motion for judgment on the pleadings] applies the same standard applicable to a Rule 12(b)(6) motion to dismiss").) In addition, he argues that Plaintiffs do not have a private right of action under the Due Process Clause of the Michigan Constitution. (*Id.*, PageID.569.)

**\*2** Plaintiffs filed a response noting that the court on May 6 declined to exercise supplemental jurisdiction over their state claims against Defendant Debandt. (ECF No. 47, PageID.635-36.) They also argue that the statute of limitations standards for Plaintiffs' federal claims against the Defendant school district and school administrators are the same as the standards used for the § 1983 claims against Defendant Debandt. (*Id.*, PageID.636-37.) In their response, Plaintiffs "stipulate ... that the [c]ourt would have the same analysis for the Section 1983 claim against Debandt as to those Plaintiffs and claims to which the May 6th Order applied for the same reasons as set forth in the May 6th Order." (*Id.*)

In its May 6 opinion, the court dismissed Plaintiffs' state claims against Defendant Debandt without prejudice. (ECF No. 44, PageID.629.) Those state claims are no longer before the court, and the court will deny Defendant Debandt's motion to dismiss those claims with prejudice under the applicable statutes of limitations. The court will also decline to resolve whether Plaintiffs have valid private rights of action under the Due Process Clause of the Michigan Constitution. If Plaintiffs chose to bring their claims in state court, Defendant Debandt may raise his arguments in that venue.

As Plaintiffs accept in their response, (ECF No. 47, PageID.636-37), the statute of limitations analysis for the federal claims against the Defendant school district and school administrators stated in the court's May 6 opinion, (ECF No. 44, PageID.608-25), applies equally to the § 1983 claims against Defendant Debandt. As the court held in the May 6 opinion, Plaintiffs' federal claims accrued at the time the alleged abuse occurred. (*Id.*, PageID.608-14.) In Michigan, the claims under § 1983 have a three-year statute of limitations, and the doctrine of fraudulent concealment does not apply. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing Mich. Comp. Laws § 600.5805) ("[T]he appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims."). (ECF No. 44, PageID.605-07, 614-623.) Furthermore, because § 1983 claims must "borrow [a state's] general or residual statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 250 (1989), Michigan's special statutes of limitations for criminal sexual assault, Mich. Comp. Laws §§ 600.5805(6), § 600.5851b, do not apply to the § 1983 claims. (*See* ECF No. 44, PageID.623-25.) For the same reasons as those stated in the May 6 opinion, Plaintiffs' § 1983 claims against Defendant Debandt are time barred to the extent that they arise from abuse occurring prior to October 7, 2017. (*Id.*, PageID.605-25.)

Thus, the § 1983 claims of Plaintiffs Estepp, Langlois, Seymour, Bevak, and Underwood against Defendant Debandt are completely time barred, and those claims will be dismissed. (ECF No. 43, PageID.569, 600, Motion for Partial Judgment on the Pleadings; ECF No. 47, PageID.636-37, Plaintiffs' Response.) The § 1983 claims of Plaintiffs Forrester, Perry, Messerschmitt, and Craigie against Defendant Debandt survive, but only to the extent that such claims arise from abuse occurring after October 6, 2017. As the court held in the May 6 opinion, the federal claims of Plaintiffs Forrester, Perry, Messerschmitt, and Craigie against the Defendant school district and school administrators accruing after October 6, 2017, also survive. (ECF No. 44, PageID.628.) Accordingly,

IT IS ORDERED that Defendant Debandt's "Motion for Partial Judgment on the Pleadings" (ECF No. 43) is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Plaintiffs' federal claims. IT IS DENIED as to Plaintiffs' state claims.

**\*3** IT IS FURTHER ORDERED that the claims of Plaintiffs Estepp, Langlois, Seymour, Bevak, and Underwood against Defendant Debandt under bodily integrity (Count 2) are DISMISSED.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 2253271

Case 1:25-cv-11276-TLL-PTM ECF No. 23-3, PageID.269 Filed 09/15/25 Page 4 of 4

Forrester v. Clarenceville School District, Not Reported in Fed. Supp. (2021)

## Footnotes

1 Plaintiffs bring their federal claims against Defendant Debandt under § 1983. (ECF No. 13, PageID.185-89.) They do not bring claims under Title IX against Defendant Debandt. (*See id.*, PageID.181-85 (naming only the school district and school administrators as defendants for the Title IX claims).)

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.